IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.  3:10-00163 |
| | ) | Judge Trauger |
| | ) | |
| [5] ANTHONY BROOKS | ) | |

## O R D E R

Defendant Anthony Brooks has filed a Motion to Sever Counts And Defendants (Docket

No. 1009[1]), to which the government has responded (Docket No. 1018).  The motion is

**DENIED**.

### Background

The 33-count Superseding Indictment in this case, filed on February 17, 2011, charges 32

defendants in connection with a wide-ranging RICO conspiracy to advance the purposes of the

"Bloods" gang in the Middle District of Tennessee, alleging that the gang used the "Galaxy Star

Drug Awwareness and Gang Prevention Center" in Nashville, Tennessee, as a cover for

directing its gang activities, which included assault, robbery, drug trafficking and murder.  (*See

generally* Docket No. 397)  The indictment further generally alleges that members of the Bloods

gang were required to protect the interests of the gang by, among other things, paying dues,

enforcing gang rules, coordinating criminal activities, and "lying to law enforcement

authorities."  (*Id*. At 8-10)

---

[1]Defendant Brooks filed a motion to join in the motions for severance of defendants filed
by several other defendants.  (Docket No. 802)  Because the individual, later motion filed by
defendant Brooks encompasses all issues with regard to this defendant, all of Brooks' arguments
are being addressed in this Order.

Defendant Brooks is charged in the RICO conspiracy count (Count 1). The conspiracy to use/carry firearms during and in relation to crimes of violence count (Count 23), and with multiple substantive offenses that relate back to overt acts alleged in Count 1.

## **Motion to Sever Defendants**

The court adopts by reference, as if set forth verbatim herein, the Analysis section of its Order denying the motions to sever defendants filed by several of Brooks' co-defendants, which Order is being entered simultaneously with this Order. Brooks makes the same arguments as these other defendants, and the court's rulings are the same.

## **Motion to Sever Counts**

Rule 8(a), FED. R. CRIM. P., permits joinder of separate offenses where "the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or consitute parts of a common scheme or plan." A review of the Superseding Indictment reveals that the separate offenses charged against defendant Brooks sufficiently constitute parts of a common scheme or plan such that joinder of them in one indictment and for trial is proper.

Defendant Brooks claims that his right to testify on his own behalf will be violated if severance is not granted, in that, if he "desires to testify about the allegations in one or more Groups. . .he may risk harming his case in another Group or Groups." (Docket No. 1010 at 27) However, where joinder of offenses is proper, severance should not be granted, based on a defendant's claim that his testimony would be favorable on one offense but damaging on another. *United States v. Jacobs*, 244 F.3d 503 (6th Cir. 2001).

As mentioned in the contemporaneously filed Order ruling upon Brooks' co-defendants' Motions to Sever Defendants, in order to assist the jury, avoid confusion and avoid improper spillover effects of evidence, the court will be constructing an outline to assist the jury in organizing the evidence as to each charge against each defendant.

It is so **ORDERED**.

ENTER this 8th day of December 2011.

ALETA A. TRAUGER
U.S. District Judge